IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DANIEL SIPP,<br><br>        Plaintiff,<br><br>v.<br><br>WEXFORD HEALTH SOURCES, INC., PENNY GEORGE, DEBBIE KNAUER, ALFONSO DAVID, MD, JOHN COE, MD, STEPHEN RITZ, MD, and JOHN BALDWIN,<br><br>        Defendant. | Case No. 3:18-CV-2141-NJR-GCS |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on the Report and Recommendation of Magistrate Judge Gilbert C. Sison (Doc. 48), which recommends the undersigned grant the Partial Motion to Dismiss Count V of Plaintiff's Second Amended Complaint filed by Defendant Wexford Health Sources, Inc. (Doc. 40).[1] The Second Amended Complaint contains seven counts and alleges that Defendants denied or failed to provide medical necessary medical care to Sipp. Specifically, Count V is a claim against Wexford for *respondeat superior* based on the fact that Defendants Dr. David, Dr. Coe and Dr. Ritz were employees of Wexford acting within the scope of their employment (Doc. 37, p. 10).

Wexford moved to dismiss Count V because, under the law of this Circuit, it cannot be held liable under the doctrine of *respondeat superior*. *See Shields v. Dep't Corr.*, 746 F.3d 782, 792 (7th Cir. 2014). In response, Sipp concedes the current state of the law

---

[1] The Clerk of Court is **DIRECTED** to correct Defendant's name on the docket to Wexford Health Sources, Inc.

but argues *Shields* was wrongly decided and should be overruled. Because binding precedent does not permit a *respondeat superior* claim against Wexford, however, Judge Sison recommended that the undersigned grant Defendant's motion and dismiss Count V. Objections to the Report and Recommendation were due June 26, 2019. 28 U.S.C. §636(b); SDIL-LR 73.1(b). No objections were filed.

Where timely objections are filed, this Court must undertake *de novo* review of the Report and Recommendation. 28 U.S.C. 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). Where neither timely nor specific objections to the Report and Recommendation are made, however, this Court should review the Report and Recommendation only for clear error. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). The Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Court has reviewed Judge Sison's Report and Recommendation for clear error and has found none. Accordingly, the Court **ADOPTS** Judge Sison's Report and Recommendation (Doc. 48) in its entirety. The Partial Motion to Dismiss Count V filed by Defendant Wexford Health Sources, Inc. (Doc. 40) is **GRANTED**, and Plaintiff Daniel Sipp's claim against Wexford in Count V is **DISMISSED with prejudice**.

**IT IS SO ORDERED.**

DATED: November 22, 2019

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**